UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

---

Lei-Le Isaura Jade Christenson and Caleb Retelle,

Plaintiffs,

v.                                                          25-cv-445-jdp

Wexford Ridge Apartments and Wexford Management, LLC,

Defendants.

---

Case No.: [To be assigned]

---

# CIVIL RIGHTS COMPLAINT

(Pro Se – 42 U.S.C. § 1983 and Federal Housing Protections)

---

I. Jurisdiction and Venue

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983, Fair Housing Act (42 U.S.C. §§ 3601 et seq.), and the Americans with Disabilities Act (ADA).

2. Jurisdiction is proper under 28 U.S.C. § 1331 (Federal Question), § 1343 (Civil Rights Jurisdiction), and § 1367 (Supplemental Jurisdiction for state law claims).

3. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b), as all actions and omissions occurred within this district.

---

II. Parties

4. Plaintiff Lei-Le Isaura Jade Christenson resides in Wisconsin and is the mother of a disabled infant affected by the conditions at issue.

5. Plaintiff Caleb Retelle resides in Wisconsin and is a legal occupant of the Wexford Ridge Apartments.

6. Defendant Wexford Ridge Apartments is a residential property operated in Wisconsin by Wexford Management, LLC, with business and property management activities directly impacting tenant rights, safety, and welfare.

---

III. Statement of Facts

7. Plaintiffs have repeatedly reported serious health and safety violations at Wexford Ridge Apartments, including:

    - Ongoing mold infestations, improperly covered up with bleach and paint.

    - Severe roach infestations, despite multiple complaints and failed treatments.

    - Unsafe repairs, including the use of hot glue and patchwork flooring.

    - Property damage to beds and belongings due to mold exposure.

    - Health harm to Plaintiffs and their infant, including pneumonia, asthma attacks, and emergency care needs.

    - Discrimination and retaliation following complaints, including threats of eviction and refusal to address safety issues affecting a disabled infant.

8. Plaintiffs submitted numerous written complaints, emails, photo evidence, and medical documentation. These were ignored or dismissed by management, and no proper remediation was provided.

9. A public health inspection confirmed the presence of roaches and mold. Reports indicate that infestations did not originate in the Plaintiffs' unit, further supporting the Plaintiffs' case.

10. Plaintiffs have requested temporary relocation, third-party inspections, and compensation for health and property damages. These requests were denied or ignored.

---

IV. Claims for Relief

Claim 1 – Violation of Civil Rights (42 U.S.C. § 1983)

11. Defendants acted under color of state housing authority standards by maintaining a property under subsidized and regulated housing law but failed to uphold federally protected rights.

> 12. Plaintiffs' rights to due process, equal protection, and safe housing were violated through negligence, discriminatory actions, and inhumane living conditions.

---

Claim 2 – Violation of the Fair Housing Act (42 U.S.C. §§ 3601 et seq.)

13. Defendants' refusal to address habitability concerns, retaliatory conduct, and disregard for medically vulnerable residents constitute violations of the Fair Housing Act, particularly regarding disability protections and familial status.

---

Claim 3 – Violation of Americans with Disabilities Act (ADA)

14. Defendants failed to accommodate a disabled household and exposed a vulnerable infant to harmful conditions, in violation of the ADA's provisions ensuring safe and accessible housing.

---

Claim 4 – State Law Violations (Wis. Stat. § 704.07; ATCP 134)

15. Under Wisconsin landlord-tenant law, Defendants had a legal obligation to maintain safe, clean, and habitable premises. Their failure to do so, and their acts of deception and retaliation, further establish negligence and breach of duty.

---

V. Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

a) Order immediate injunctive relief mandating third-party mold inspection and proper treatment.

b) Order temporary relocation at the expense of the Defendants.

c) Award monetary damages for health impacts, emotional distress, and damaged property.

d) Order reimbursement for pest control, cleaning supplies, medical costs, and relocation expenses.

e) Grant reasonable costs and fees, if allowable.

f) Any other relief the Court deems just and proper.

---

Dated: 04/24/2025

Respectfully submitted,


/s/ Lei-Le Isaura Jade Christenson

Plaintiff, Pro Se


/s/ Caleb Retelle

Plaintiff, Pro Se